UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

———

ROBERT JEFFREY BIGELOW,

                Plaintiff,                  Case No. 2:11-cv-468

v.                                      Honorable R. Allan Edgar

GREG MCQUIGGIN,

                Defendants.
_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis* without immediate payment of the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed for failure to state a claim.

**Factual Allegations**

Plaintiff Robert Jeffrey Bigelow, an inmate at the Earnest C. Brooks Correctional Facility, filed the *pro se* civil rights action pursuant to 42 U.S.C. § 1983.  In his complaint, Plaintiff names Defendants Warden Greg McQuiggin, Assistant Deputy Warden Jacqueline Nadeau, Assistant Resident Unit Supervisor Colleen Brown, Assistant Deputy Warden Cecil Daley, Inspector Jery Casey, Supervisor Roger Graham, Maintenance Supervisor Rob Ware, and Business Manager Cindy Dodds-Dugan.

Plaintiff alleges that on November 26, 2011, while he was incarcerated at the Chippewa Correctional Facility (URF), he tripped and fell over a make-shift wooden ramp while going to the yard and suffered an injury to his wrist.  Officer Campbell sent Plaintiff to medical, where he was seen by Patricia R. Lame, R.N.  Nurse Lame placed Plaintiff's wrist in a splint and ace wrap and sent him for x-rays.  The following week, Plaintiff was told that he was being sent to a bone doctor because the x-rays looked bad.  Plaintiff was subsequently seen by Dr. Ganzhorn, who told Plaintiff that there were only two ways to repair his wrist.  The first would be to put a plate in his wrist, but that Plaintiff would not have the use of his wrist with that method.  The second method would be to remove four bones from Plaintiff's wrist, which would give Plaintiff some movement, but that Plaintiff would always have some pain in his wrist.  Plaintiff received corrective surgery for his wrist on December 14, 2010.

Plaintiff states that on December 3, 2010, he sent a letter to Defendant McQuiggin regarding the danger posed by the ramp, but that Defendant McQuiggin failed to correct the hazard.  On January 7, 2011, Plaintiff filed a step I grievance.  On January 25, 2011, Defendant Brown asked Plaintiff why he had not come to her about the problem with the ramp and Plaintiff responded that

she had not been the Assistant Resident Unit Supervisor at the time of the incident. Defendant Brown told Plaintiff that he should come to her with any further problems and that she would make sure that the ramp was put away. However, as of the date that Plaintiff was transferred out of URF, the ramp was never put away.

Plaintiff further states that on January 14, 2011, he sent a Notice of Hazardous Condition and Diagram to Defendants McQuiggin, Daley, Casey, Graham, Ware, and Dodds-Dugan, all of whom failed to reply or to take any corrective action. On January 27, 2011, Plaintiff was interviewed on his grievance by Defendant Nadeau, who showed no concern about the issue. On February 10, 2011, Plaintiff received a response to his step I grievance. On February 13, 2011, Plaintiff sent a step II appeal to Defendant McQuiggin, who denied the appeal on February 18, 2011. On February 23, 2011, Plaintiff filed a step III appeal, which was denied on March 4, 2011.

Plaintiff claims that Defendants' failure to correct that hazard following his injury constituted deliberate indifference. In addition, Plaintiff states that Defendants are liable under state law for failing to correct a "nuisance." Plaintiff fails to specify the relief being sought in this case.

## Discussion

I.      Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Dominguez v. Corr. Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff asserts that Defendants' conduct violated his rights under the Eighth Amendment. The Cruel and Unusual Punishments Clause of the Eighth Amendment embodies a constitutional limitation on the power of the states to punish those convicted of crime. Punishment may not be "barbarous," nor may it contravene society's "evolving standards of decency." *Rhodes*

*v. Chapman*, 452 U.S. 337, 346 (1981); *Trop v. Dulles*, 356 U.S. 86 (1958).  The clause therefore

prohibits conduct by prison officials that involves the "unnecessary and wanton infliction of pain."

*Ivey v. Wilson*, 832 F.2d 950, 954 (6th Cir. 1987) (per curiam) (quoting *Rhodes*, 452 U.S. at 346.

An Eighth Amendment claim comprises objective and subjective components:  (1) a

sufficiently grave deprivation and (2) a sufficiently culpable state of mind.  *Farmer v. Brennan*, 511

U.S. 825, 834 1977 (1994); *Woods v. LeCureux*, 110 F.3d 1215, 1222 (6th Cir. 1997).  A prison

official cannot be found liable unless the official has acted with deliberate indifference; that is, the

official must know of and disregard an excessive risk to inmate health or safety.  *Farmer*, 511 U.S.

at 837; *see also Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991) (deliberate indifference standard

applies to all claims challenging conditions of confinement to determine whether defendants acted

wantonly).  The official must both be aware of facts from which the inference could be drawn that

a substantial risk of serious harm exists and he must also draw the inference.  *Farmer*, 511 U.S. at

837.  Thus, the mental state required for an Eighth Amendment claim is not actual intent, but

something close to common-law recklessness.  *Hubbert v. Brown*, Nos. 95-1983, 95-1988, 96-1078,

1997 WL 242084, at *5 (6th Cir. May 18, 1997) (relying on *Farmer*, 511 U.S. at 836 n.4.

The reason for focusing on a defendant's mental attitude is to isolate those defendants

who inflict punishment.  *Farmer*, 511 U.S. at 839.  The deliberate indifference standard "describes

a state of mind more blameworthy than negligence."  *Id.* at 835; *see also Whitley v. Albers*, 475 U.S.

312, 319 (1986) ("conduct that does not purport to be punishment at all must involve more than the

ordinary lack of due care for the prisoner's interests or safety").  As the Supreme Court explained:

> The Eighth Amendment does not outlaw cruel and unusual
> "conditions"; it outlaws cruel and unusual "punishments."  An act or
> omission unaccompanied by knowledge of a significant risk of harm

> might well be something society wishes to discourage, and if harm
> does result society might well wish to assure compensation. The
> common law reflects such concerns when it imposes tort liability on
> a purely objective basis. But an official's failure to alleviate a
> significant risk that he should have perceived but did not, while no
> cause for commendation, cannot under our cases be condemned as the
> infliction of punishment.

*Farmer*, 511 U.S. at 837-38 (citations omitted). Thus, accidents, mistakes, and other types of

negligence are not constitutional violations merely because the victim is a prisoner. *Acord v. Brown*,

No. 93-2083, 1994 WL 679365, at *2 (6th Cir. Dec. 5, 1994) (citing *Estelle v. Gamble*, 429 U.S. 97,

106 (1976)). Rather, what is required is a conscious disregard of a substantial risk of harm. *Farmer*,

511 U.S. at 839.

The Eighth Circuit has held that the intentional placement of a prisoner in dangerous

surroundings can violate the Eighth Amendment, though mere negligence is not sufficient. *Bibbs

v. Armontrout*, 943 F.2d 26, 27 (8th Cir. 1991); *see also Lee v. Sikes*, 870 F. Supp. 1096, 1099 (S.D.

Ga. 1994) (applying Eighth Amendment to workplace safety); *Arnold v. South Carolina Dep't of

Corr.*, 843 F. Supp. 110, 113 (D.S.C. 1994) (indicating that it is questionable whether the Eighth

Amendment applies to work-related prison injuries). The types of factual circumstances which are

insufficient to show deliberate indifference are illustrated by the Eighth Circuit's decision in *Warren

v. Missouri*, 995 F.2d 130 (8th Cir. 1993) and by the District of South Carolina's decision in *Arnold

v. South Carolina Dep't of Corr.*, 843 F. Supp. 110, 111 (D. S.C. 1994). In *Warren*, an inmate was

injured when a board "kicked back" from a table saw that he was operating at the furniture factory

at the state penitentiary. 995 F.2d at 130. The inmate alleged that the defendants were deliberately

indifferent in failing to equip the saw with an anti-kickback feature despite knowledge of prior

injuries. The district court granted defendants' motion for summary judgment, and the Eighth

Circuit affirmed. *Id.* at 130-31. Defendants introduced evidence that there had been twenty-nine table saw injuries in the five years preceding the inmate's injury, as well as efforts to correct the working condition of the saws when the injuries occurred; the plaintiff introduced evidence that there had been twenty-one prior injuries. *Id.* at 131. Based on this evidence, the Eighth Circuit found that there was no genuine issue of deliberate indifference to a serious issue of workplace safety. *Id.* at 131.

In *Arnold*, an inmate working in the prison kitchen was burned by a twenty-five-gallon pot that tipped downward. 843 F. Supp. at 111. The inmate alleged that the kitchen supervisor had been informed that the pot was faulty, and the supervisor had replied that they did not have time to fix it. *Id.* at 113. The district court held that there was no evidence that defendants possessed the requisite culpability by failing to repair the pot, and, at best, the inmate had offered evidence which showed only negligence. *Id.*; *see also Stephens v. Johnson*, 83 F.3d 198, 201 (8th Cir. 1996) (even assuming that the administrator was aware of safety problems at the warehouse, such a showing falls short of creating a genuine issue of deliberate indifference to workplace safety).

Plaintiff's complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc*., 859 F.2d 434, 437 (6th Cir. 1987). A dismissal for failure to state a claim may not be countenanced upon a judge's disbelief of the factual allegations, and the Court regards Plaintiff's factual allegations as true. *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Even so, it is improper for the Court to assume that Plaintiff could prove facts not alleged in his complaint or to assume that Defendants have violated laws in ways not alleged. *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir.), *cert. denied*, 519 U.S. 1007 (1996). Moreover, "when a complaint omits

facts that, if they existed, would clearly dominate the case, it seems fair to assume that those facts do not exist." *Scheid*, 859 F.2d at 437 (quoting *O'Brien v. DiGrazia*, 544 F.2d 543, 546 n.3 (1st Cir. 1976). Plaintiff's factual allegations do not raise an inference that Defendants were deliberately indifferent to his safety.

As noted above, Plaintiff states that he was injured on November 26, 2011. All of the steps taken by Plaintiff to notify Defendants of the alleged danger occurred after Plaintiff had already been injured. Therefore, Plaintiff's injury was not the result of deliberate indifference on the part of Defendants.

Plaintiff asserts that Defendants were deliberately indifferent to the continuing hazard following his injury. However, as noted above, Plaintiff did not suffer any further injury as a result of Defendants' failure to correct the situation. Absent physical injury, a plaintiff's claim for emotional injuries is barred by 42 U.S.C. § 1997e(e), which precludes any claim by a prisoner "for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id. See also Hardin-Bey v. Rutter*, 524 F.3d 789, 795-96 (6th Cir. 2008); *Taylor v. United States*, 161 F. App'x 483, 486-87 (6th Cir. 2007); *Jarriett v. Wilson*, 162 F. App'x 394, 400 (6th Cir. 2005); *Oliver v. Sundquist*, No. 00-6372, 2001 WL 669994, at *1 (6th Cir. June 7, 2001); *Siller v. Dean*, No. 99-5323, 2000 WL 145167, at *2 (6th Cir. Feb. 1, 2000). Plaintiff alleges no physical injury. As a consequence, his claim for emotional damages is barred.

Plaintiff also alleges that Defendants were negligent in allowing the hazard to occur in the first place. However, as noted above, mere negligence is insufficient to state a claim under the Eighth Amendment. Section 1983 does not provide redress for a violation of a state law. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir.

- 8 -

1994). To the extent that Plaintiff's complaint presents allegations under state law, this Court declines to exercise jurisdiction. The Sixth Circuit has stated that district courts should generally decline to exercise supplemental jurisdiction over state law claims under these circumstances. *See Landefeld v. Marion Gen. Hosp.*, *Inc.,* 994 F.2d 1178, 1182 (6th Cir. 1993); *Hawley v. Burke*, No. 97-1853, 1998 WL 384557, at *2 (6th Cir. June 18, 1998). This claim will be dismissed without prejudice.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Dated:          1/13/2012                              */s/ R. Allan Edgar*
                                          R. Allan Edgar
                                          United States District Judge